UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.                                    CRIMINAL ACTION NO. 3:26-cr-00042-RGJ

BETTY WALKER a/k/a Betty Bailey                             DEFENDANT

## **UNOPPOSED MOTION FOR PROTECTIVE ORDER**

The United States of America, by counsel, moves the Court for entry of a Protective Order for certain information.  The purpose of this Motion is to facilitate the expeditious exchange of information between the parties and to adequately protect personal and protected information.

The defendant, Betty Walker a/k/a Betty Bailey ("defendant"), is charged with Kaelynn Greene, Camden Newton, Breanna Patterson, and Jordan Greene, with a scheme to defraud and to obtain money by means of false and fraudulent pretenses and representations in connection with applications for Covid-19 relief funds, in violation of Title 18, United States Code, Sections 1343 and 1349; Kaelynn Greene and Camden Newton are also charged with Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A, and money laundering in violation of Title 18, United States Code, Section 1956; and Kaelynn Greene is charged with money laundering in violation of Title 18, United States Code, Section 1957.  The discovery materials in this case will contain, among other things, private information, including social security numbers and birth dates, the defendants', victims', and third parties' financial information, and confidential taxpayer return information within the meaning of Title 26, United States Code, Section 6103(b). Disclosure of such tax return and taxpayer return information is governed by Title 26, United States Code, Section 6103(a), which mandates that return and return information will be

confidential except as authorized by Section 6103. Section 6103(h)(4)(D) permits disclosure to the defense of such tax return and taxpayer return information in accord with Rule 16 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3500, but further disclosure of this tax return and taxpayer return information by defendant or defendant's counsel is restricted by Section 6103.

The government will follow all requirements of Rule 16, and will follow the requirements of Title 18, United States Code, Section 3500. The government asks the Court to ensure that the defendant is informed about the limitations of Title 26, United States Code, Section 6103(a), regarding tax returns and taxpayer return information, and the appropriate legal purposes for which certain discovery may be used.

The government believes that because of the volume and nature of the discovery in this case, it is appropriate for the Court to enter a Protective Order containing the following provisions (when the term "defendant" is used, said term encompasses attorneys for the defendants):

A.	Many of the materials that will be provided as discovery (hereinafter discovery materials), including, but not limited to: individuals' records, investigators or agency memoranda or reports, witness statements, applications, computer or electronic records, memoranda of interview, tax returns, bank records, and any documents and tangible objects provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the record), are not public information. Accordingly, these discovery materials and all copies thereof should be protected from unnecessary dissemination.

B.	Discovery materials provided by the United States should be utilized by the defendants solely in connection with the defense of this case and for no other purpose and

in connection with no other proceeding.

C. Discovery materials provided by the United States and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than the defendants, defendants' counsel, persons employed to assist in the defense, individuals who are interviewed as potential witnesses in the case, or such other persons as to whom the Court may authorize disclosure.

D. Discovery materials provided by the United States should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions will be treated in the same manner as the original matter.

E. Defendant's counsel should inform their clients of the provisions of the Protective Order, and direct him/her not to disclose or use any information contained in the government's discovery in violation of the Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

The undersigned has consulted with counsel for the defendant who does not oppose the United States' Motion.

<div style="margin-left:40%">

Respectfully submitted,

KYLE G. BUMGARNER
United States Attorney

*s/ Nicole S. Elver*
Nicole S. Elver
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911

</div>

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for defendant.

<div align="right">

*s/ Nicole S. Elver*
Nicole S. Elver

</div>